UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

March 16, 2009

**LETTER ORDER**

**Re:** American General Life Insurance Company v. Goldklang Savings Irrevocable Trust, et al.
Civil Action No. 08-3489 (MLC)

Dear Counsel:

As you are aware, on December 12, 2008, the District Court entered an Order directing Plaintiff American General Life Insurance Company ("AGLIC") to show cause why its Complaint should not be dismissed for lack of jurisdiction under 28 U.S.C.A. § 1332 based on AGLIC's failure to demonstrate the existence of diversity jurisdiction. In response to that Order to Show Cause, AGLIC requested permission to file a Second Amended Complaint. In its proposed Second Amended Complaint, AGLIC seeks to add civil RICO claims, which by virtue of raising a federal question would establish the Court's subject matter jurisdiction, and to add Chaim Rubin as well as The Rubin Group, Inc. as Defendants. In light of the foregoing, the District Court vacated its Order to Show Cause pending a determination on AGLIC's Motion to Amend.

The Court considers AGLIC's Motion to Amend without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated more fully below, AGLIC's Motion to Amend is GRANTED.

In its Motion to Amend, AGLIC argues that its proposed Second Amended Complaint adequately sets forth all of the essential elements of a federal civil RICO claim. AGLIC further argues that no Defendant would be prejudiced by its proposed amendments as none of the Defendants has yet to appear in this matter. Consequently, AGLIC contends that it should be permitted to amend its Complaint pursuant to FED.R.CIV.P. 15.[1]

Pursuant to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393

[1]While Defendants filed memoranda of law in support of the District Court's December 12, 2008 Order to Show Cause, they did not oppose AGLIC's request for leave to amend.

F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). Though in determining whether the delay at issue is in fact undue, the Court does look at the moving party's reasons for not amending the pleading sooner. *See USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).

Further, a motion to amend may also be denied where the proposed amendment is futile. A proposed amendment is futile when it would not survive a motion to dismiss. *Alvin*, 227 F.3d at 121 (3d Cir. 2000). In evaluating a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint" as well as the reasonable inferences that can be drawn from them. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). However, "[w]hile a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a [litigant's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *County of Hudson v. Janiszewski*, 520 F.Supp. 2d 631, 639 (D.N.J. 2007) (quoting *Twombly*, 127 S. Ct. at 1964-65 (internal quotation marks and citations omitted)). Nevertheless, while the factual allegations set forth in a proposed amended pleading must "raise a right to relief above the speculative level, . . . a well-pleaded complaint may proceed even if it strikes a savvy judge that

actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 127 S. Ct. at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)).

Here, the Court finds that there has been no undue delay, bad faith or dilatory motive on the part of the AGLIC, nor has there been a repeated failure to cure deficiencies by previously allowed amendments. Similarly, the Court finds that AGLIC's proposed amendments will not unduly prejudice either the currently named Defendants or the proposed new Defendants as no responsive pleadings have yet been filed in this matter, fact discovery has not yet begun and all Defendants will have the opportunity to fully defend themselves against AGLIC's claims. Further, the Court finds that even under RICO's heightened pleading standards, AGLIC's proposed amendments are not clearly futile. As a result, AGLIC shall be permitted to file its proposed Second Amended Complaint.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT AGLIC'S MOTION TO AMEND IS GRANTED AND AGLIC SHALL FILE ITS SECOND AMENDED COMPLAINT NO LATER THAN MARCH 23, 2009.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THIS MOTION [DOCKET ENTRY NO. 9] ACCORDINGLY.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**