**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT<br>
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 08-3489 (MLC) |
| | : | |
| v. | : | |
| | : | |
| GOLDKLANG SAVINGS IRREVOCABLE TRUST, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | : | CIVIL ACTION NO. 08-5364 (MLC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ELLMAN SAVINGS IRREVOCABLE TRUST, et al., | : | |
| | : | |
| Defendants. | : | |

**THE COURT** ordering the parties to show cause why this consolidated action should not be transferred to the United States District Court for the Southern District of New York under 28 U.S.C. § ("Section") 1404 (<u>American General Life Insurance Co. v. Goldklang Savings Irrevocable Trust</u> ("<u>AGLIC I</u>"), No. 08-3489 (MLC), dkt. entry no. 10, Order to Show Cause); and plaintiff bringing this consolidated action, <u>inter alia</u>, for a judgment declaring (1) an insurance policy ("Goldklang Policy") to be void against defendants Goldklang Savings Irrevocable Trust

("Goldklang Trust"), Jeffrey Levitin ("Levitin"), Chaim Rubin ("Rubin"), and the Rubin Group, Inc., and (2) an insurance policy ("Ellman Policy") to be void against defendants Ellman Savings Irrevocable Trust ("Ellman Trust"), Levitin, Israel Kugielsky, and Rubin (see AGLIC I, dkt. entry no. 22, 2d Am. Compl.; American General Life Insurance Co. v. Ellman Savings Irrevocable Trust, No. 08-5364 (MLC), dkt. entry no. 1, Compl.); and

**THE COURT** having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and the Court noting that the party seeking to transfer venue must show that the alternative venue is not only adequate, but also more convenient than the current venue, id. at 879; and the Court further noting that the plaintiff's choice of forum is generally a paramount concern, and, unless the balance strongly favors the defendant, the plaintiff's choice of forum should not be disturbed, Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 499 (D.N.J. 1998); and

**IT APPEARING** initially that this consolidated action might have been more properly brought in the Southern District of New York (Order to Show Cause at 2-3); but, upon briefing by the parties, it now appearing that the Southern District of New York is not a more convenient venue than the current one as (1) Part A

2

of the Application for the Ellman Policy was executed in New
Jersey, (2) the Ellman Policy was delivered in New Jersey, (3)
the Ellman Policy states that it is a New Jersey policy, (4) the
Ellman Trust - the owner and primary beneficiary of the Ellman
Policy - had a New Jersey address when the Ellman Policy was
delivered, (5) the original trustee of the Ellman Trust, Israel
Kugielsky, may be a New Jersey resident, (6) the Application for
the Goldklang Policy was executed in New Jersey, (7) the
Goldklang Policy was delivered in New Jersey, (8) the Goldklang
Policy states that it is a New Jersey policy, (9) the Goldklang
Trust - the owner and primary beneficiary of the Goldklang Policy
- had a New Jersey address when the Goldklang Policy was
delivered, and (10) Rubin, the insurance producer for both the
Ellman Policy and the Goldklang Policy, may be a New Jersey
resident (AGLIC I, dkt. entry no. 16, Certification of Robert P.
Lesko at 4-6; id., Decl. of John Rugel at 3-4, 7-8; id., Aff. of
Sarah Lockett Wickes at 2-5; AGLIC I, dkt. entry no. 15,
Affirmation of Ira S. Lipsius, Ex. A, 10-28-08 Email), see
Allianz Life Ins. Co. of N. Am. v. Estate of Bleich, No. 08-668,
2008 WL 4852683, at *5-*6 (D.N.J. Nov. 7, 2008) (refusing to
transfer venue under Section 1404 in action to void insurance
policy based on material misrepresentations where part of the
application was executed in New Jersey, the insurance policy was
delivered in New Jersey pursuant to New Jersey law, and the

3

policy beneficiary listed New Jersey as her state of residence on the application for benefits); and

**IT FURTHER APPEARING** that defendants have not identified any witnesses, books, or records located in New York that would be unavailable in New Jersey, see Jumara, 55 F.3d at 879; and it appearing that the ultimate judgment will be enforceable in both states, see Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 559 (D.N.J. 2008); and it also appearing that the consolidated action was filed before a related action currently pending in the Eastern District of New York (AGLIC I, dkt. entry no. 16, Pl. Br. at 4-5), see Notice of Removal, Levitin v. American General Life Insurance Co., No. 09-110 (E.D.N.Y. Jan. 12, 2009); see also EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (recognizing that under first-filed rule, with limited exceptions, in cases of federal concurrent jurisdiction, court which first has possession of the subject must decide it), judgment aff'd by 493 U.S. 182 (1990); and it further appearing that New Jersey has a local interest in this litigation since the insurance policies at issue are New Jersey policies that were specifically approved by the New Jersey Department of Insurance for issuance in New Jersey (Decl. of John Rugel at 7; Aff. of Sarah Lockett Wickes at 5), see Yocham, 565 F.Supp.2d at 559; and it thus appearing that defendants have not shown that the Southern District of New York is a more convenient forum than the District of New Jersey; and

**THE COURT** thus intending to vacate the Order to Show Cause; and for good cause appearing, the Court will issue an appropriate order.

                s/ Mary L. Cooper
               **MARY L. COOPER**
               United States District Judge

Dated: March 25, 2009